Dear Ms. Brignac:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask:
1. Whether by virtue of records being marked as copyrighted, the Department of Insurance ("DOI") is proscribed from providing copies of those records in response to a public records request and is limited to making those records available for inspection only;
2. Whether the DOI must accept a regulated entity's designation of the contents of certain records as proprietary information without further analysis of the merits/validity of the designation (and therefore the DOI is proscribed from disclosing the records designated by the regulated entity under a public records request);
3. Whether the DOI must accept an insurer's designation of the contents of certain records as trade secrets without further analysis of the merits/validity of the designation (and therefore the DOI is proscribed from disclosing the records designated by the regulated entity under a public records request); and
4. If the answer to Question 2 or 3 is that the DOI is not bound by designation of the regulated entity and where the DOI does not agree with the designation, and if the DOI discloses the records under a public records request, is the DOI required to notify the regulated entity prior to disclosing the records? *Page 2 
Any question involving the release of certain records held by public agencies necessarily requires an examination of the provisions of The Louisiana Public Records Act, La.R.S. 44:1 et seq., defining "public records" as follows:
`All books, records, writings, accounts, letters, and letter books, maps, drawings, photographs, . . . having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business . . . performed by or under the authority of the constitution or laws of this state, or . . . any ordinance, regulation, mandate . . . .' La.R.S. 44:1(A)(2).
La.R.S. 44:31 provides:
A. Providing access to public records is a responsibility and duty of the appointive or elective office of a custodian and his employees.
B (1) Except as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of the Chapter any person of the age of majority may inspect, copy or reproduce, or obtain a reproduction of any public record. (2) The burden of proving that a public record is not subject to inspection, copying, or reproduction shall rest with the custodian.
La.R.S. 44:1(A)(3) defines a custodian as "the public official or head of any public body having custody or control of a public record, or a representative specifically authorized by him to respond to requests to inspect any such public records." Failure of a custodian to comply with the Public Records Act may subject them to certain penalties under the act.[1]
In answer to your first question, it is clear that the documents involved are "public records" under La.R.S. 44:1. In general, the DOI must produce copies of documents in its custody made in accordance with a public records request unless the records fall within an exemption listed in the Public Records Act. *Page 3 
You have indicated that the material involved is copyrighted. Since the act does not provide a specific exemption for material marked as "copyright", the DOI must produce the copyrighted material.[2] However, even though copyrighted information is not exempt per se, the information should not be released if it would otherwise fall under an exemption listed in the act.
In response to your second and third questions, it is our opinion that the DOI is not bound by the designation of the regulated entity and/or insurer. La.R.S. 44:3.2 specifically addresses your situation, providing as follows:
A. Nothing in this Chapter shall be construed to require the disclosure of proprietary or trade secret information pertaining to any code, pattern, formula, design, device, method, or process which is proprietary or trade secret information which has been submitted to a public body by the developer, owner, or manufacturer of a code, pattern, formula, design, device, method, or process in order to obtain or retain approval of such code, pattern, formula, design, device, method, or process for sale or use in this state.
B. Nothing in this Chapter shall be construed to require the disclosure of proprietary or trade secret information pertaining to any code, pattern, formula, design, device, method, or process which has been submitted to a public body in order to facilitate the further research, development, or commercialization of such code, pattern, formula, design, device, method, or process.
C. (1) All records containing proprietary or trade secret information submitted by a developer, owner, or manufacturer to a public body pursuant to Subsection A or B of this Section shall contain a cover sheet that provides in bold type "DOCUMENT CONTAINS CONFIDENTIAL PROPRIETARY OR TRADE SECRET INFORMATION". The developer, owner, or manufacturer shall clearly mark each instance of information which is, in his opinion, proprietary or trade secret information. However, the determination of whether such information is in fact proprietary or trade secret information shall be made by the custodian within thirty days of a submission: however, if a custodian receives a public records request during the period of thirty days, the determination shall be made within the time period provided in R.S. 44:32(D) and 33(B). *Page 4 
(2) A custodian who receives a request pursuant to this Chapter for any information which has been marked by the developer, owner, or manufacturer as proprietary or trade secret information shall, prior to the disclosure of the information, immediately notify such developer, owner, or manufacturer of the request and of the custodian's determination of whether or not the information so requested is subject to disclosure.
D. General information relating to the identity of the developer, owner, or manufacturer and any agreement or contract that such person or legal entity has entered into with the public body shall be subject to public review.
E. Nothing in this Section shall be construed in a manner as to prevent the public examination or reproduction of any record or part of a record which is not proprietary or trade secret information. (emphasis added).
The Public Records Act unambiguously carves out specific instructions for a custodian to follow after receiving information that is marked proprietary or trade secret. As set forth above, when the DOI receives records that are marked as proprietary or trade secret information, the DOI (as the custodian) has thirty days to agree or disagree with the provider's designation. However, if a public records request is made within the thirty day time period, then the DOI must make the determination within the time period provided in La.R.S. 44:32(D) and 33(B). If the DOI determines that the records fall under the classification of proprietary or trade secret, a public records request can be denied as long as the requestor is notified.[3] On the other hand, the DOI may disagree with the designation of the material and process the request accordingly.
More importantly, whether the designation is accepted or denied, the owner must be given notice of any public records request and the custodian's final determination. La.R.S. 44:3.2(C)(2) appears to obligate the custodian to respond to a public records request and to notify the owner of the request and of the custodian's determination of whether or not the information will be disclosed. Therefore, while the DOI is not required to accept the owner's designation, the determination of whether La.R.S. 44:3.2 applies to material marked as proprietary or trade secret must be made by the DOI within the time periods prescribed therein and notice to the owner must be given when a public records request is received.
The last question you ask deals with whether the DOI may disclose records under a public records request that are marked as proprietary and/or trade secret information if you do not agree with the designation of the regulated entity or insurer. *Page 5 
As stated above, the DOI is not bound by the designation and may disseminate the records pursuant to a public records request if the DOI disagrees with the designation provided that prior notice is given to the regulated entity or insurer pursuant to La.R.S. 44:3.2.
I hope the foregoing is sufficiently responsive to your questions. If we can be of further assistance, please do not hesitate to contact our office.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ MERIDITH J. TRAHANT Assistant Attorney General
[1] If a person is denied the right to inspect or copy the record, La.R.S. 44:35 allows that person to institute proceedings for the issuance of a writ of mandamus and injunctive or declaratory relief, together with attorney's fees, costs and damages in the district court for the parish in which the office of the custodian is located. Furthermore, failure to comply with the public records law can result in criminal penalties as well. La.R.S. 44:37 provides as follows: Any person having custody or control of a public record, who violates any of the provisions of this Chapter, or any person not having such custody or control who by any conspiracy, understanding or co-operation with any other person hinders or attempts to hinder the inspection of any public records declared by this Chapter to be subject to inspection, shall upon first conviction be fined not less than one hundred dollars, and not more than one thousand dollars, or shall be imprisoned for not less than one month, nor more than six months. Upon any subsequent conviction he shall be fined not less than two hundred fifty dollars, and not more than two thousand dollars, or imprisoned for not less than two months, nor more than six months, or both.
[2] It is suggested by our office that the regulated entity and/or insurer should be notified of the DOI's intent to release copyrighted material in order to afford the entity time to commence an action to prohibit that release. By analogy, see also La.R.S. 44:3.2 which requires that the owner of proprietary or trade secret information be given notice by the custodian before the requested material is released.
[3] See La.R.S. 44:32(D) which requires that the custodian determine whether the requested material is public by notifying the requestor within three days of the receipt of the request of the determination.